**BRIAN T. DUNN, ESQ. (SBN 176502)**
Email: bdunn@cochranfirm.com
**MEGAN R. GYONGYOS, ESQ. (SBN 285476)**
Email: mgyongyos@cochranfirm.com
**THE COCHRAN FIRM CALIFORNIA**
4929 Wilshire Boulevard, Suite 1010
Los Angeles, California 90010-3856
Telephone: (323) 435-8205
Facsimile: (323) 282-5280

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEJANDRO OCHOA, an individual, <br><br> Plaintiff, <br><br> v. <br><br> COUNTY OF KERN, a municipal entity; DEPUTY BROCK (Badge No. 201765), an individual; DEPUTY ANDREW BASSETT (Badge No. 202312), an individual; and DOES 1 through 10, inclusive, <br><br> Defendants. | **CASE NO.:** <br><br> **COMPLAINT FOR DAMAGES** <br><br> 1. **Violations of Civil Rights (42 U.S.C. § 1983) (Based on Unreasonable Use of Force)** <br><br> 2. **Battery (Cal. Government Code §§ 815.2(a), 820(a); Cal. Civil Code § 43)** <br><br> 3. **Negligence (Cal. Government Code §§ 815.2(a), 820(a))** <br><br> **DEMAND FOR JURY TRIAL** |

**JURISDICTION AND VENUE**

1. Jurisdiction is vested in this court under 28 U.S.C. § 1343(a)(3)-(4) for violations of the 1871 Civil Rights Enforcement Act, as amended, including 42 U.S.C. § 1983 and 28 U.S.C. § 1331.

2. Venue is proper in the Eastern District of California under 28 U.S.C. § 1391(a)-(b).

**PARTIES**

3. At all times relevant to the acts and omissions herein alleged, Plaintiff ALEJANDRO OCHOA (hereinafter "Plaintiff") was a resident of the County of Kern, State of California.

4. Defendant COUNTY OF KERN (hereinafter "COUNTY") is, and at all relevant times mentioned herein was, a municipal entity or political subdivision of the United States, organized and existing under the laws of the State of California.

5. Plaintiff is informed, believes, and thereon alleges that Defendant DEPUTY BROCK (Badge No. 201765) (hereinafter "DEPUTY BROCK") is, and at all relevant times mentioned herein was, a resident of the County of Kern and State of California. Further, at all times relevant to the acts and omissions herein alleged, Defendant DEPUTY BROCK was a sheriff's deputy employed by the Defendant COUNTY and the Kern County Sheriff's Department, and was acting under color of state law and in the course and scope of his employment with the Defendant COUNTY and the Kern County Sheriff's Department.

6. Plaintiff is informed, believes, and thereon alleges that Defendant ANDREW BASSETT (Badge No. 202312) (hereinafter "DEPUTY BASSETT") is, and at all relevant times mentioned herein was, a resident of the County of Kern and State of California. Further, at all times relevant to the acts and omissions herein alleged, Defendant DEPUTY BASSETT was a sheriff's deputy employed by the Defendant COUNTY and the Kern County Sheriff's Department, and was acting under color of state law and in the course and scope of his employment with the Defendant COUNTY

and the Kern County Sheriff's Department.

7. On or around June 21, 2018, a timely Claim for Damages was submitted to the County of Kern in substantial compliance with California Government Code § 910, et seq. As of the date of the filing of this Complaint, said Claim has been denied.

8. Plaintiff is unaware of the true names and capacities of those Defendants named herein as DOE Defendants. Plaintiff will amend this Complaint to allege said Defendants' true names and capacities when that information becomes known to him. Plaintiff is informed, believes, and thereon alleges that these DOE Defendants are legally responsible and liable for the incident, injuries, and damages hereinafter set forth, and that each of said Defendants proximately caused the injuries and damages by reason of negligent, careless, deliberately indifferent, intentional, willful, or wanton misconduct, including the negligent, careless, deliberately indifferent, intentional, willful, or wanton misconduct in creating and otherwise causing the incidents, conditions, and circumstances hereinafter set forth, or by reason of direct or imputed negligence or vicarious fault or breach of duty arising out of the matters herein alleged. Plaintiff will seek leave to amend this Complaint to set forth said true names and identities of the unknown named DOE Defendants when they are ascertained.

9. Each of the individual Defendants sued herein is sued both in his individual and personal capacity, as well as in his official capacity.

10. Plaintiff is informed, believes, and thereon alleges that at all times herein mentioned, each of the Defendants was the agent and/or employee and/or co-conspirator of each of the remaining Defendants, and in doing the things hereinafter alleged, was acting within the scope of such agency, employment, and/or conspiracy and with the permission and consent of other co-Defendants.

## **FACTS COMMON TO ALL COUNTS**

11. This Complaint arises out of an incident that occurred during the afternoon hours of Saturday, January 27, 2018, inside a residence located in the 1700 block of Rose Marie Drive in the City of Bakersfield, County of Kern, and State of California. On

the afternoon of January 27, 2018, Plaintiff was in a bathroom in the residence located in the 1700 block of Rose Marie Drive when Defendant DEPUTIES BROCK and BASSETT, while acting under color of state law and in the course and scope of their employment with the Defendant COUNTY and the Kern County Sheriff's Department, negligently assessed the circumstances presented to them, and then violently confronted Plaintiff. When Defendant DEPUTIES BROCK and BASSETT violently confronted Plaintiff, Plaintiff was not armed with any kind of weapon, and was not threatening any person in any way.

12. Without warning, Defendant DEPUTY BROCK proceeded to assault and batter Plaintiff by acts which included, but were not limited to, unjustifiably firing a 40mm sponge round at the person of Plaintiff, shooting Plaintiff in the groin area. After Defendant DEPUTY BROCK shot Plaintiff in the groin area with the 40mm sponge round, Defendant DEPUTY BASSETT proceeded to subject Plaintiff to unreasonable and excessive force, inflicted through the unreasonable and excessive deployment and use of a police canine, and through the failure and/or refusal to terminate the unreasonable and excessive deployment and use of the police canine. Plaintiff suffered severe injuries as a result of being assaulted and battered by Defendant DEPUTY BROCK, and being subjected to the unreasonable and excessive deployment and use of a police canine by Defendant DEPUTY BASSETT. Following the use of force incident, the involved deputies denied medical care to Plaintiff in a manner that demonstrated deliberate indifference to his constitutional rights. Throughout the time in which Defendant DEPUTIES BROCK and BASSETT were assaulting and battering Plaintiff and subjecting Plaintiff to the unreasonable and excessive deployment and use of a police canine, Plaintiff was not physically resisting or fleeing from the involved deputies or the police canine, and was not undertaking any actions which would have led a reasonable sheriff's deputy to believe that he was armed with any kind of weapon, or posed a threat to the safety of any person. Plaintiff did nothing to justify the force that Defendant DEPUTIES BROCK and BASSETT used against him, and the same was

THE COCHRAN FIRM CALIFORNIA
4929 Wilshire Bl.
Suite 1010
(323)435-8205

excessive, unnecessary, and unlawful.

13. Both prior to and during the time in which Defendant DEPUTIES BROCK and BASSETT were assaulting and battering Plaintiff and subjecting Plaintiff to the unreasonable and excessive deployment and use of a police canine, Plaintiff was not armed with any kind of weapon, and posed no reasonable or credible threat to the safety of Defendant DEPUTIES BROCK and BASSETT, the safety of the police canine, or the safety of any other person. Both prior to and during the time in which Defendant DEPUTIES BROCK and BASSETT were assaulting and battering Plaintiff and subjecting Plaintiff to the unreasonable and excessive deployment and use of a police canine, Plaintiff was not physically resisting or fleeing from the involved deputies or the police canine, and was not undertaking any actions which would have led a reasonable sheriff's deputy to believe that he was armed with any kind of weapon, or posed a threat to the safety of any person. Both prior to and during the time in which Defendant DEPUTIES BROCK and BASSETT were assaulting and battering Plaintiff and subjecting Plaintiff to the unreasonable and excessive deployment and use of a police canine, Plaintiff made no aggressive movements, furtive gestures, or physical movements which would suggest to a reasonable sheriff's deputy that he was armed with any kind of weapon, or had the will, or the ability to inflict bodily harm against any individual. Both prior to and during the time in which Defendant DEPUTIES BROCK and BASSETT were assaulting and battering Plaintiff and subjecting Plaintiff to the unreasonable and excessive deployment and use of a police canine, Defendant DEPUTIES BROCK and BASSETT were not faced with any circumstances which would have led a reasonable sheriff's deputy to believe that Plaintiff posed a risk of injury to any person.

///
///
///
///

# FOR THE FIRST CAUSE OF ACTION

**(By Plaintiff ALEJANDRO OCHOA Against Defendant DEPUTY BROCK (Badge No. 201765) and Defendant DEPUTY ANDREW BASSETT (Badge No. 202312) for Violations of Civil Rights [42 U.S.C. § 1983])**

**(Based on Unreasonable Use of Force)**

14. Plaintiff restates and incorporates by reference the foregoing paragraphs of this Complaint as if set forth in full at this point.

15. This cause of action is set forth herein to redress the deprivation, under color of statute, ordinance, regulation, policy, custom, practice, and/or usage, of rights, privileges, and/or immunities secured to Plaintiff by the Fourth Amendment to the Constitution of the United States, including, but not limited to, the right to be free from unreasonable governmental seizures of his person.

16. Plaintiff is informed, believes, and thereon alleges that at all times mentioned herein, the Defendant COUNTY employed the individual Defendants named herein, including Defendant DEPUTIES BROCK and BASSETT. The Defendant COUNTY provided its individual employees and agents, including Defendant DEPUTIES BROCK and BASSETT, with official badges and identification cards which designated and described the bearers as employees of the Defendant COUNTY and the Kern County Sheriff's Department.

17. Plaintiff is informed, believes, and thereon alleges that at all times relevant to the acts and omissions herein alleged, Defendant DEPUTIES BROCK and BASSETT were employed by the Defendant COUNTY and the Kern County Sheriff's Department and were acting under color of state law and in the course and scope of their employment with the Defendant COUNTY and the Kern County Sheriff's Department.

18. During the afternoon hours of January 27, 2018, Plaintiff was in a bathroom in a residence located in the 1700 block of Rose Marie Drive when Defendant DEPUTIES BROCK and BASSETT, while acting under color of state law and in the course and scope of their employment with the Defendant COUNTY and the Kern

County Sheriff's Department, violently confronted Plaintiff. When Defendant DEPUTIES BROCK and BASSETT violently confronted Plaintiff, Plaintiff was not armed with any kind of weapon, and was not threatening any person in any way.

19. Without warning, Defendant DEPUTY BROCK proceeded to assault and batter Plaintiff by acts which included, but were not limited to, unjustifiably firing a 40mm sponge round at the person of Plaintiff, shooting Plaintiff in the groin area. After Defendant DEPUTY BROCK shot Plaintiff in the groin area with the 40mm sponge round, Defendant DEPUTY BASSETT proceeded to subject Plaintiff to unreasonable and excessive force, inflicted through the unreasonable and excessive deployment and use of a police canine, and through the failure and/or refusal to terminate the unreasonable and excessive deployment and use of the police canine. Plaintiff suffered severe injuries as a result of being assaulted and battered by Defendant DEPUTY BROCK and being subjected to the unreasonable and excessive deployment and use of a police canine by Defendant DEPUTY BASSETT. Following the use of force incident, the involved deputies denied medical care to Plaintiff in a manner that demonstrated deliberate indifference to his constitutional rights. Throughout the time in which Defendant DEPUTIES BROCK and BASSETT were assaulting and battering Plaintiff and subjecting Plaintiff to the unreasonable and excessive deployment and use of a police canine, Plaintiff was not physically resisting or fleeing from the involved deputies or the police canine, and was not undertaking any actions which would have led a reasonable sheriff's deputy to believe that he was armed with any kind of weapon, or posed a threat to the safety of any person. Plaintiff did nothing to justify the force used against him, and the same was excessive, unnecessary, and unlawful.

20. Both prior to and during the time in which Defendant DEPUTIES BROCK and BASSETT were assaulting and battering Plaintiff and subjecting Plaintiff to the unreasonable and excessive deployment and use of a police canine, Plaintiff was not armed with any kind of weapon, and posed no reasonable or credible threat to the safety of Defendant DEPUTIES BROCK and BASSETT, the safety of the police canine, or the

THE COCHRAN FIRM CALIFORNIA
4929 Wilshire Bl.
Suite 1010
(323)435-8205

7

safety of any other person. Both prior to and during the time in which Defendant DEPUTIES BROCK and BASSETT were assaulting and battering Plaintiff and subjecting Plaintiff to the unreasonable and excessive deployment and use of a police canine, Plaintiff was not physically resisting or fleeing from the involved deputies or the police canine, and was not undertaking any actions which would have led a reasonable sheriff's deputy to believe that he was armed with any kind of weapon, or posed a threat to the safety of any person. Both prior to and during the time in which Defendant DEPUTIES BROCK and BASSETT were assaulting and battering Plaintiff and subjecting Plaintiff to the unreasonable and excessive deployment and use of a police canine, Plaintiff made no aggressive movements, furtive gestures, or physical movements which would suggest to a reasonable sheriff's deputy that he was armed with any kind of weapon, or had the will, or the ability to inflict bodily harm against any individual. Both prior to and during the time in which Defendant DEPUTIES BROCK and BASSETT were assaulting and battering Plaintiff and subjecting Plaintiff to the unreasonable and excessive deployment and use of a police canine, Defendant DEPUTIES BROCK and BASSETT were not faced with any circumstances which would have led a reasonable sheriff's deputy to believe that Plaintiff posed a risk of injury to any person.

21.     At all times mentioned herein, Defendant DEPUTIES BROCK and BASSETT acted under color and pretense of law, and under color of the statutes, ordinances, regulations, policies, practices, customs, and/or usages of the State of California and the Defendant COUNTY. Defendant DEPUTIES BROCK and BASSETT deprived Plaintiff of the rights, privileges, and/or immunities secured to him by the Fourth Amendment to the Constitution of the United States and the laws of the United States, including, but not limited to, the right to be free from unreasonable governmental seizures of his person.

22.     Plaintiff had the right to be free from unreasonable governmental seizures of his person, a right which was secured to Plaintiff by the provisions of the Fourth

Amendment to the United States Constitution, and by 42 U.S.C. § 1983. All of these interests were implicated by the wrongful conduct of Defendant DEPUTIES BROCK and BASSETT, which proximately caused Plaintiff to suffer severe injuries.

23. Plaintiff is informed, believes, and thereon alleges that in unreasonably seizing his person, as described in the foregoing paragraphs of this Complaint, Defendant DEPUTIES BROCK and BASSETT acted outside the scope of their jurisdiction and without authorization of law, and acted willfully, maliciously, knowingly, with reckless disregard and callous indifference to the known consequences of their acts and omissions, and purposefully with the intent to deprive Plaintiff of his federally protected rights and privileges, and did in fact violate the aforementioned rights and privileges, thereby warranting punitive and exemplary damages against Defendant DEPUTIES BROCK and BASSETT in an amount to be proven at the trial of this matter.

24. As a direct and proximate result of the wrongful, intentional, and malicious acts and omissions of Defendant DEPUTIES BROCK and BASSETT, Plaintiff was placed in great fear for his life and physical well being, and has suffered and continues to suffer extreme and severe mental anguish, as well as great mental and physical pain and injury, all to his damage in a sum to be determined at trial.

25. As a further direct and proximate result of the wrongful, intentional, and malicious acts and omissions of Defendant DEPUTIES BROCK and BASSETT, Plaintiff was assaulted and battered and subjected to the unreasonable and excessive deployment and use of a police canine on the afternoon of January 27, 2018, and suffered severe injuries, including a ruptured testicle which had to be surgically removed, and bite injuries to one of his upper extremities.

26. As a further proximate result of the wrongful, intentional, and malicious acts and omissions of Defendant DEPUTIES BROCK and BASSETT, Plaintiff has been required to employ, and did in fact employ, physicians and surgeons to examine, treat, and care for him, and has incurred expenses for emergent medical services, treatment, and care and other medical services, treatment, and care in an amount according to proof

THE COCHRAN FIRM CALIFORNIA
4929 Wilshire Bl.
Suite 1010
(323)435-8205

at trial.

27. Plaintiff is entitled to and hereby demands costs, attorneys' fees, and expenses pursuant to 42 U.S.C. § 1988.

## FOR THE SECOND CAUSE OF ACTION

**(By Plaintiff ALEJANDRO OCHOA Against All Defendants for Battery [Cal. Gov't Code §§ 815.2(a), 820(a); Cal. Civ. Code § 43])**

28. Plaintiff restates and incorporates by reference the foregoing paragraphs of this Complaint as if set forth in full at this point.

29. All claims asserted herein against the Defendant COUNTY are presented pursuant to the Defendant COUNTY's vicarious liability for acts and omissions of municipal employees undertaken in the course and scope of their employment pursuant to California Government Code §§ 815.2(a) and 820(a).

30. During the afternoon hours of January 27, 2018, Plaintiff was in a bathroom in a residence located in the 1700 block of Rose Marie Drive when Defendant DEPUTIES BROCK and BASSETT, while acting under color of state law and in the course and scope of their employment with the Defendant COUNTY and the Kern County Sheriff's Department, violently confronted Plaintiff. When Defendant DEPUTIES BROCK and BASSETT violently confronted Plaintiff, Plaintiff was not armed with any kind of weapon, and was not threatening any person in any way.

31. Without warning, Defendant DEPUTY BROCK proceeded to assault and batter Plaintiff by acts which included, but were not limited to, unjustifiably firing a 40mm sponge round at the person of Plaintiff, shooting Plaintiff in the groin area. After Defendant DEPUTY BROCK shot Plaintiff in the groin area with the 40mm sponge round, Defendant DEPUTY BASSETT proceeded to subject Plaintiff to unreasonable and excessive force, inflicted through the unreasonable and excessive deployment and use of a police canine, and through the failure and/or refusal to terminate the unreasonable and excessive deployment and use of the police canine. Plaintiff suffered severe injuries as a result of being assaulted and battered by Defendant DEPUTY

THE COCHRAN FIRM CALIFORNIA
4929 Wilshire Bl.
Suite 1010
(323)435-8205

1  BROCK and being subjected to the unreasonable and excessive deployment and use of a
2  police canine by Defendant DEPUTY BASSETT. Throughout the time in which
3  Defendant DEPUTIES BROCK and BASSETT were assaulting and battering Plaintiff
4  and subjecting Plaintiff to the unreasonable and excessive deployment and use of a
5  police canine, Plaintiff was not physically resisting or fleeing from the involved deputies
6  or the police canine, and was not undertaking any actions which would have led a
7  reasonable sheriff's deputy to believe that he was armed with any kind of weapon, or
8  posed a threat to the safety of any person. Plaintiff did nothing to justify the force used
9  against him, and the same was excessive, unnecessary, and unlawful.
10         32.    Both prior to and during the time in which Defendant DEPUTIES BROCK
11 and BASSETT were assaulting and battering Plaintiff and subjecting Plaintiff to the
12 unreasonable and excessive deployment and use of a police canine, Plaintiff was not
13 armed with any kind of weapon, and posed no reasonable or credible threat to the safety
14 of Defendant DEPUTIES BROCK and BASSETT, the safety of the police canine, or the
15 safety any other person. Both prior to and during the time in which Defendant
16 DEPUTIES BROCK and BASSETT were assaulting and battering Plaintiff and
17 subjecting Plaintiff to the unreasonable and excessive deployment and use of a police
18 canine, Plaintiff was not physically resisting or fleeing from the involved deputies or the
19 police canine, and was not undertaking any actions which would have led a reasonable
20 sheriff's deputy to believe that he was armed with any kind of weapon, or posed a threat
21 to the safety of any person. Both prior to and during the time in which Defendant
22 DEPUTIES BROCK and BASSETT were assaulting and battering Plaintiff and
23 subjecting Plaintiff to the unreasonable and excessive deployment and use of a police
24 canine, Plaintiff made no aggressive movements, furtive gestures, or physical
25 movements which would suggest to a reasonable sheriff's deputy that he was armed with
26 any kind of weapon, or had the will, or the ability to inflict bodily harm against any
27 individual. Both prior to and during the time in which Defendant DEPUTIES BROCK
28 and BASSETT were assaulting and battering Plaintiff and subjecting Plaintiff to the

THE COCHRAN FIRM CALIFORNIA
4929 Wilshire Bl.
Suite 1010
(323)435-8205

unreasonable and excessive deployment and use of a police canine, Defendant DEPUTIES BROCK and BASSETT were not faced with any circumstances which would have led a reasonable sheriff's deputy to believe that Plaintiff posed a risk of injury to any person.

33. Plaintiff is informed, believes, and thereon alleges, that in assaulting and battering him and subjecting him to the unreasonable and excessive deployment and use of a police canine, as described in the foregoing paragraphs of this Complaint, Defendant DEPUTIES BROCK and BASSETT acted outside the scope of their jurisdiction and without authorization of law, and acted willfully, maliciously, knowingly, with reckless disregard and callous indifference to the known consequences of their acts and omissions, and purposefully with the intent to deprive Plaintiff of his protected rights and privileges, and did in fact violate the aforementioned rights and privileges, thereby warranting punitive and exemplary damages against Defendant DEPUTIES BROCK and BASSETT in an amount to be proven at the trial of this matter.

34. As a direct and proximate result of the wrongful, intentional, and malicious acts and omissions of Defendant DEPUTIES BROCK and BASSETT, Plaintiff was placed in great fear for his life and physical well being, and has suffered and continues to suffer extreme and severe mental anguish, as well as great mental and physical pain and injury, all to his damage in a sum to be determined at trial.

35. As a further direct and proximate result of the wrongful, intentional, and malicious acts and omissions of Defendant DEPUTIES BROCK and BASSETT, Plaintiff was assaulted and battered and subjected to the unreasonable and excessive deployment and use of a police canine on the afternoon of January 27, 2018, and suffered severe injuries, including a ruptured testicle which had to be surgically removed, and bite injuries to one of his upper extremities.

36. As a further proximate result of the wrongful, intentional, and malicious acts and omissions of Defendant DEPUTIES BROCK and BASSETT, Plaintiff has been required to employ, and did in fact employ, physicians and surgeons to examine, treat,

THE COCHRAN FIRM CALIFORNIA
4929 Wilshire Bl.
Suite 1010
(323)435-8205

and care for him, and has incurred expenses for emergent medical services, treatment, and care and other medical services, treatment, and care in an amount according to proof at trial.

## FOR THE THIRD CAUSE OF ACTION

**(By Plaintiff ALEJANDRO OCHOA Against All Defendants for Negligence [Cal. Gov't Code §§ 815.2(a), 820(a)])**

37. Plaintiff restates and incorporates by reference the foregoing paragraphs of this Complaint as if set forth in full at this point.

38. All claims asserted herein against the Defendant COUNTY are presented pursuant to the Defendant COUNTY's vicarious liability for acts and omissions of municipal employees undertaken in the course and scope of their employment pursuant to California Government Code §§ 815.2(a) and 820(a).

39. During the afternoon house of January 27, 2018, Plaintiff was in a bathroom in the residence located in the 1700 block of Rose Marie Drive when Defendant DEPUTIES BROCK and BASSETT, while acting under color of state law and in the course and scope of their employment with the Defendant COUNTY and the Kern County Sheriff's Department, negligently assessed the circumstances presented to them, and then proceeded to violently confront Plaintiff. When Defendant DEPUTIES BROCK and BASSETT violently confronted Plaintiff, Plaintiff was not armed with any kind of weapon, and was not threatening any person in any way.

40. Without warning, Defendant DEPUTY BROCK proceeded to negligently and unjustifiably inflict physical injury upon Plaintiff through acts which included, but were not limited to, negligently and unjustifiably firing a 40mm sponge round at the person of Plaintiff, shooting Plaintiff in the groin area. After Defendant DEPUTY BROCK shot Plaintiff in the groin area with the 40mm sponge round, Defendant DEPUTY BASSETT proceeded to negligently subject Plaintiff to unreasonable and excessive force, inflicted through the unreasonable and excessive deployment and use of a police canine, and through the failure and/or refusal to terminate the unreasonable and

excessive deployment and use of the police canine. Plaintiff suffered severe injuries as a result of being negligently shot with a 40mm sponge round by Defendant DEPUTY BROCK and being negligently subjected to the unreasonable and excessive deployment and use of a police canine by Defendant DEPUTY BASSETT. Throughout the time in which Defendant DEPUTIES BROCK and BASSETT were negligently and unjustifiably inflicting physical injury upon Plaintiff, Plaintiff was not physically resisting or fleeing from the involved deputies or the police canine, and was not undertaking any actions which would have led a reasonable sheriff's deputy to believe that he was armed with any kind of weapon, or posed a threat to the safety of any person. Plaintiff did nothing to justify the force used against him, and the same was excessive, unnecessary, and unlawful.

41. Both prior to and during the time in which Defendant DEPUTIES BROCK and BASSETT were negligently and unjustifiably inflicting physical injury upon Plaintiff, Plaintiff was not armed with any kind of weapon, and posed no reasonable or credible threat to the safety of Defendant DEPUTIES BROCK and BASSETT, the safety of the police canine, or the safety of any other person. Both prior to and during the time in which Defendant DEPUTIES BROCK and BASSETT were negligently and unjustifiably inflicting physical injury upon Plaintiff, Plaintiff was not physically resisting or fleeing from the involved deputies or the police canine, and was not undertaking any actions which would have led a reasonable sheriff's deputy to believe that he was armed with any kind of weapon, or posed a threat to the safety of any person. Both prior to and during the time in which Defendant DEPUTIES BROCK and BASSETT were negligently and unjustifiably inflicting physical injury upon Plaintiff, Plaintiff made no aggressive movements, furtive gestures, or physical movements which would suggest to a reasonable sheriff's deputy that he was armed with any kind of weapon, or had the will, or the ability to inflict bodily harm against any individual. Both prior to and during the time in which Defendant DEPUTIES BROCK and BASSETT were negligently and unjustifiably inflicting physical injury upon Plaintiff, Defendant

DEPUTIES BROCK and BASSETT were not faced with any circumstances which would have led a reasonable sheriff's deputy to believe that Plaintiff posed a risk of injury to any person.

42. Plaintiff is informed, believes, and thereon alleges that on and before January 27, 2018 Defendant DEPUTIES BROCK and BASSETT had a duty to exercise the reasonable and ordinary care which would be expected of similarly situated peace officers in the use of force, including the use of 40mm sponge rounds and similar munitions, and the deployment and use of police canines. Plaintiff is further informed and believes, and thereon alleges, that on and before January 27, 2018, Defendant DEPUTIES BROCK and BASSETT had a duty to exercise the reasonable and ordinary care which would be expected of similarly situated peace officers in the execution of police tactics and police procedures for the arrest and/or detention of unarmed, non-dangerous civilians and suspects. Notwithstanding each of these duties, Defendant DEPUTIES BROCK and BASSETT failed to exercise reasonable and ordinary care in committing the acts alleged herein, by actions and inactions which include, but are not limited to, negligently failing to utilize additional departmental resources during the incident involving Plaintiff, negligently failing to utilize available forms of cover and concealment during the incident involving Plaintiff, negligently failing to maintain a position of tactical advantage during the incident involving Plaintiff, negligently failing to communicate and/or effectively communicate with each other, with other departmental personnel and resources, and with Plaintiff during the incident involving Plaintiff, negligently failing to utilize and/or appropriately utilize less lethal force options and other less intrusive alternatives to the force used during the incident involving Plaintiff, negligently failing to deescalate the situation involving Plaintiff, negligently employing a tactical response to the situation involving Plaintiff that resulted in the infliction of unnecessary and preventable injury to Plaintiff, negligently failing to determine the fact that Plaintiff posed no threat to the safety of any person prior to and during the course of the events alleged herein, negligently inflicting physical injury upon Plaintiff, as

described herein, negligently employing force against Plaintiff when the same was unnecessary and unlawful, negligently deploying a 40mm sponge in an unreasonable manner when the same was unnecessary and unlawful, negligently deploying and using a police canine in an unreasonable manner when the same was unnecessary and unlawful, and negligently failing and/or refusing to terminate the unreasonable and excessive deployment and use of the police canine. All of these negligent acts proximately caused Plaintiff's injuries, which include a ruptured testicle which had to be surgically removed, and bite injuries to one of Plaintiff's upper extremities.

43. As a direct and proximate result of the negligent acts and omissions of the Defendants, and each of them, Plaintiff was placed in great fear for his life and physical well being, and has suffered and continues to suffer extreme and severe mental anguish, as well as great mental and physical pain and injury, all to his damage in a sum to be determined at trial.

44. As a further direct and proximate result of the negligent acts and omissions of the Defendants, and each of them, Plaintiff suffered severe injuries, including a ruptured testicle which had to be surgically removed, and bite injuries to one of his upper extremities.

45. As a further proximate result of the negligent acts and omissions of the Defendants, and each of them, Plaintiff has been required to employ, and did in fact employ, physicians and surgeons to examine, treat, and care for him, and has incurred expenses for emergent medical services, treatment, and care and other medical services, treatment, and care in an amount according to proof at trial.

///
///
///
///
///
///

**WHEREFORE**, Plaintiff prays for judgment against Defendants as follows:

1. For general and special damages in an amount according to proof at trial;
2. For medical and related expenses according to proof at trial;
3. For costs of suit incurred herein;
4. For attorneys' fees incurred herein, as provided by law;
5. For punitive damages against the individual Defendants in their individual capacities in an amount according to proof at trial; and
6. For such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff hereby demands that a jury be impaneled for the trial of this matter.

DATED: November 19, 2018    Respectfully submitted,

**THE COCHRAN FIRM CALIFORNIA**

By: /s/ Brian T. Dunn
    BRIAN T. DUNN
    MEGAN R. GYONGYOS
    Attorneys for Plaintiff ALEJANDRO OCHOA

THE COCHRAN FIRM CALIFORNIA
4929 Wilshire Bl.
Suite 1010
(323)435-8205