UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEJANDRO OCHOA,<br><br>        Plaintiff,<br><br>    v.<br><br>COUNTY OF KERN, et al.,<br><br>        Defendants. | Case No.: 1:18-CV-01599 NONE JLT<br><br>ORDER DENYING STIPULATION TO AMEND CASE SCHEDULE<br>(Doc. 20) |

      The Court scheduled this case on February 19, 2019 (Doc. 11). Since that time, the Court has granted stipulations to amend the case schedule twice. (Docs. 17, 20). Counsel represented that the first amendment was necessary due to the illness of defense counsel and the second was needed due to the illness of plaintiff's counsel. (Docs. 16, 18)

      Counsel have now stipulated to amend the case schedule a third time citing only the COVID-19 pandemic (Doc. 22). Not to minimize the impacts of this situation but the pandemic does not explain the failure to complete non-expert discovery by March 3, 2020 as ordered. Likewise, counsel offer no explanation why they failed to make expert disclosures by March 20, 2020[1] or why they let these deadlines and the expert discovery deadline pass (on June 5, 2020), without seeking amendments.  Only now that these deadlines have long passed do they seek

---

[1] The Court takes judicial notice that the Governor of California issued the "stay-at-home" order on March 19, 2020. Thus, there is no explanation for the failure to disclose experts the next day because all of the work on retaining experts and the experts writing their reports had to have been completed by then.

1

extensions of these and the remaining case deadlines.

The scheduling order noted, "**No motion to amend or stipulation to amend the case schedule will be entertained unless it is filed at least one week before the first deadline the parties wish to extend.**" (Doc. 11 at 3, emphasis in the original) It indicates also, "If the parties determine at any time that the schedule outlined in this order cannot be met, counsel are ordered to notify the court immediately of that fact so that adjustments may be made, either by stipulation or by subsequent status conference." Id. at 7.

Even if the Court ignored these defects in the stipulation—and it doesn't—counsel have failed to explain how the pandemic caused them to be unable to comply with the missed deadlines or to be unable to comply with those upcoming. Though the current pandemic has required everyone to adapt to the new environment, there is no justification for counsel to have failed to take any adaptive steps during the four months since Governor issued the stay-at-home order to move this case forward. If they have taken such efforts, their stipulation wholly fails to explain them. Thus, because the stipulation fails to provide good cause for amendment of the case schedule (Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 610 (9th Cir. 1992); Jackson v. Laureate, Inc., 186 F.R.D. 605, 608 (E.D. Cal. 1999) [The "good cause" standard requires the parties to demonstrate that "noncompliance with a Rule 16 deadline occurred or will occur, notwithstanding her diligent efforts to comply, because of the development of matters which could not have been reasonably foreseen or anticipated at the time of the Rule 16 Scheduling conference . . ."]), it is DENIED.

IT IS SO ORDERED.

Dated:  **July 23, 2020**         **/s/ Jennifer L. Thurston**
                                  UNITED STATES MAGISTRATE JUDGE