UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEJANDRO OCHOA,<br><br>             Plaintiff,<br><br>       v.<br><br>COUNTY OF KERN, et al.,<br><br>             Defendants. | Case No.: 1:18-CV-01599 NONE JLT<br><br>ORDER TO THE PLAINTIFF AND HIS COUNSEL, MEGAN GYONGYOS AND BRIAN DUNN, TO SHOW CAUSE WHY SANCTIONS SHOULD NOT BE IMPOSED FOR THEIR REPEATED FAILURE TO COMPLY WITH THE COURT'S ORDERS |

The Court scheduled this case on February 19, 2019 (Doc. 11). At that time, the Court issued its orders related to the settlement conference. Id. at 5. This order reads in part: "**At least 21 days before the settlement conference**, Plaintiff **SHALL** submit to Defendant via fax or e-mail, a written itemization of damages and a meaningful settlement demand which includes a brief explanation of why such a settlement is appropriate." The Court defined "meaningful" for the parties as, "'Meaningful' means the offer is reasonably calculated to settle the case on terms acceptable to the offering party.  "Meaningful" does not include an offer which the offering party knows will not be acceptable to the other party." Id.

When the Court received the defendants' settlement conference statement for the previously schedule settlement conference date, it learned that the plaintiff had failed to make a meaningful settlement offer. (Doc. 25) Indeed, the plaintiff had made no offer at all. Id. Thus, the Court ordered,

1

. . . Plaintiff SHALL make a "meaningful" settlement demand (Id.) within 14 days. The defense SHALL respond to the demand within 14 days. The parties SHALL continue to exchange offers/counteroffers until it is no longer productive to do so. Due to the failure of the plaintiff to comply with the Court's order, the Settlement Conference is CONTINUED to 9/28/2020 at 01:30 PM. At least one week in advance, counsel SHALL lodge settlement conference statements. In addition to the information required to be included in the statement (Doc. 11 at 5-6), counsel SHALL detail whether they believe the conference is likely to be productive. If they do not believe it is likely to be productive, counsel SHALL draft a stipulation to continue the settlement conference to a date by which settlement discussion will be productive. Plaintiff and his counsel are admonished to comply with the Court's orders. Future failures will result in the imposition of sanctions.

(Doc. 25) The Court has again received the defendants' settlement conference statement and has learned again that the plaintiff has failed to make a meaningful settlement offer. Though the plaintiff suggested that the case may settle within a specified range, the range was so wide that it was impossible for the defense to respond. Moreover, the settlement range depended upon information counsel was intending to gain—but had not yet done so—from one of the plaintiff's doctors.[1] This wholly fails to comply with the Court's orders. Finally, the plaintiff has not lodged a settlement conference statement.  Once again, this violates the Court's order.  (Doc. 25) Therefore, the Court **ORDERS**:

    1.    **Within seven days**, the plaintiff and his counsel of record, Megan Gyongyos and Brian Dunn, **SHALL** show cause in writing why sanctions should not be imposed for their repeated failures to comply with the Court's orders;

    2.    The settlement conference, set on September 28, 2020, is VACATED.  It will be re-set once the Court evaluates whether sanctions should be imposed.

IT IS SO ORDERED.

Dated: __September 22, 2020__      __/s/ Jennifer L. Thurston__
                                                                                UNITED STATES MAGISTRATE JUDGE

---

[1] The Court notes that the expert discovery period expired more than five months ago, and the defense contends that the plaintiff has failed to make an expert disclosure. Assuming this is true, the plaintiff will be precluded from offering expert opinions at trial. Notably, even treating physicians must be disclosed and the topics about which they will testify must be detailed. Fed.R.Civ.P. 26(a)(2)(A), (C). If they will offer opinions, rather than mere testimony of percipient observations, they must provide a report. Fed.R.Civ.P. 26(a)(2)(B).