1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ALEJANDRO OCHOA, an individual, | No. 1:18-cv-01599-JLT-BAK |
| Plaintiff, | ORDER ON MOTIONS IN LIMINE |
| v. | (Docs. 60-71) |
| COUNTY OF KERN, a municipal entity; DEPUTY BROCK (Badge No. 201765), an individual; DEPUTY ANDREW BASSETT (Badge No. 202312), an individual; and DOES 1 through 10, inclusive, | |
| Defendants. | |

20    This case concerns Alejandro Ochoa's claims under 42 U.S.C. § 1983, battery under

21   California law, and negligence under California law arising out of an incident between Plaintiff

22   and Deputies Brock and Bassett while acting under color of state law and in the course and scope

23   of employment with Defendant County of Kern. (Doc. 1.) In what Defendants contend was an

24   attempt to execute an arrest warrant, Plaintiff alleges Deputies Brock and Bassett negligently

25   assessed the circumstances presented to them and subjected Plaintiff to unreasonable and

26   excessive force, causing him severe injuries. (*Id.*)

27    The parties have filed motions in limine for resolution before trial. (Docs. 60-71.) The

28   Court finds the matters suitable for decision without oral argument pursuant to Local Rule 230(g)

1    and General Order 618. Accordingly, the hearing set for October 14, 2022 at 1:30 p.m. before the

2    undersigned is VACATED. For the reasons set forth below, the Court rules on the motions as

3    follows.

4    **I.**      **Legal Standards Governing Motions in Limine**

5           "Although the Federal Rules of Evidence do not explicitly authorize in limine rulings, the

6    practice has developed pursuant to the district court's inherent authority to manage the course of

7    trials." *Luce v. United States*, 469 U.S. 38, 40 n. 2 (1984). The Ninth Circuit explained motions in

8    limine allow parties to resolve evidentiary disputes ahead of trial "before attempted use of the

9    evidence before the jury." *United States v. Heller*, 551 F.3d 1108, 1111-12 (9th Cir. 2009).

10           Importantly, motions in limine seeking the exclusion of broad categories of evidence are

11    disfavored. *See Sperberg v. Goodyear Tire and Rubber Co.*, 519 F.2d 708, 712 (6th Cir. 1975).

12    The Court "is almost always better situated during the actual trial to assess the value and utility of

13    evidence." *Wilkins v. Kmart Corp*., 487 F. Supp. 2d 1216, 1218 (D. Kan. 2007). The Sixth Circuit

14    explained, "[A] better practice is to deal with questions of admissibility of evidence as they arise

15    [in trial]" as opposed to ruling on a motion in limine. *Sperberg,* 519 F.2d at 712. Nevertheless,

16    motions in limine are "an important tool available to the trial judge to ensure the expeditious and

17    evenhanded management of the trial proceedings." *Jonasson v. Lutheran Child & Family*

18    *Services*, 115 F.3d 436, 440 (7th Cir. 1997).

19           "[A] motion in limine should not be used to resolve factual disputes or weigh evidence,"

20    *C & E Services, Inc. v. Ashland Inc.*, 539 F. Supp. 2d 316, 323 (D. D.C. 2008), because that is the

21    province of the jury. *See Reeves v. Sanderson Plumbing Products*, 530 U.S. 133, 150 (2000). The

22    Court will bar use of the evidence in question only if the moving party establishes that the

23    evidence clearly is not admissible for any valid purpose. *Jonasson*, 115 F. 3d at 440.

24           For example, under the Federal Rules of Evidence, any evidence that is not relevant is not

25    admissible. Fed. R. Evid. 402. To determine that evidence is relevant, the Court must find "(a) it

26    has a tendency to make a fact more or less probable than it would be without the evidence; and

27    (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. Nevertheless,

28    relevant evidence may be excluded "if its probative value is substantially outweighed by the

danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

The rulings on the motions in limine made below do not preclude either party from raising the admissibility of the evidence discussed herein, if the evidence adduced at trial demonstrates a change of circumstances that would make the evidence admissible, such as for impeachment or if the opponent opens the door to allow for its admissibility. In this event, the proponent of the evidence **SHALL** raise the issue with the Court outside the presence of the jury. Finally, the rulings made here are binding on all parties and their witnesses and not merely on the moving party.

## II.      Plaintiff's Motion in Limine

### A.      No. 1: Motion to Exclude or Limit Evidence of Plaintiff's Criminal History and Other "Bad Acts" (Doc. 70)

Plaintiff seeks to exclude or limit evidence of his "convictions, charges, and arrests, unrelated law enforcement contacts, and other 'bad acts' pursuant to Federal Rules of Evidence 402, 403, 404, and 609. (Doc. 70 at 3, 6-7.) Plaintiff argues his criminal history and other "bad acts" are irrelevant and unfairly prejudicial. (*Id*. at 4-6.) The evidence Plaintiff seeks to exclude includes, "but is not limited to":

- False Imprisonment with Violence (Felony – 02/09/2018);
- Infliction of Corporal Injury on Spouse or Cohabitant (Felony – 04/08/2016);
- Taking Vehicle Without Owner's Consent (Felony - 01/04/2013);
- Infliction of Corporal Injury on Spouse or Cohabitant (Felony – 09/08/2012);
- Misdemeanor convictions;
- Any felony conviction over 10 years old; and
- Any arrests and/or criminal prosecutions not resulting in conviction.

(*Id*. at 3-4.) Defendants counter that the evidence is relevant and admissible under Rules 404(b) and 609. (*See* Doc. 77.)

///

1 | **1.    Character evidence under 404(b)**

2 |     Plaintiff contends the admission of evidence concerning his criminal history and other

3 | "bad acts" would "serve the purpose expressly prohibited by Fed. R. Evid. 404 because it would

4 | tend to indicate that Plaintiff had a criminal character and acted in conformity with that criminal

5 | character on the date of the incident." (Doc. 70 at 7.) Plaintiff asserts that "to the extent"

6 | Defendants attempt to introduce such evidence, the danger of unfair prejudice would substantially

7 | outweigh the probative value. (*Id.*)

8 |     Federal Rules of Evidence 404(a) provides "[e]vidence of a person's character or

9 | character trait is not admissible to prove that on a particular occasion the person acted in

10 | accordance with the character or trait." Fed. R. Evid. 404(a). More specifically, Rule 404(b)

11 | provides that "[e]vidence of a crime, wrong, or other act is not admissible to prove a person's

12 | character in order to show that on a particular occasion the person acted in accordance with the

13 | character." Fed. R. Evid. 404(b). Rule 404(b) provides, however, that prior acts evidence "may be

14 | admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan,

15 | knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b).

16 |     Defendants argue Plaintiff's prior conduct is admissible to "evidence his motive, intent,

17 | opportunity, plan[,] knowledge[,] or lack of mistake." (Doc. 77 at 6.) However, Defendants fail to

18 | identify which crimes, wrongs, or acts they seek to introduce and which of the exceptions apply.

19 | On the other hand, the defense argues[1] that information about Plaintiff's criminal history was

20 | provided to the deputies by dispatch before they arrived at the scene and that this information

21 | bore on the action they took that day. To the extent that the defense establishes specific

22 | foundation in advance of offering evidence about these prior acts, which demonstrates that this

23 | information impacted their relevant conduct, the evidence, in general, *may* be admitted.[2] As such,

24 | the Court **RESERVES** ruling on this topic until a relevant time.

25 | ///

26 |

27 | [1] Defendants appear to assert that they were informed of Plaintiff's warrant and "similar criminal
convictions" and other information. (Doc. 77 at 2-3.) However, exactly what they were told has not been

28 | explained.
[2] See Headnote B.

4

2. Impeachment evidence under 609

Though conceding that prior felony convictions are admissible for impeachment purposes under Rule 609 of the Federal Rules of Evidence, Plaintiff asserts that juvenile convictions, misdemeanor convictions, arrests not resulting in conviction, felony convictions more than ten years old, and offenses not involving proof of an admission of a dishonest act or false statement are not admissible impeachment evidence. (Doc. 70 at 6-7.)

Rule 609 provides that a testifying witness's character for truthfulness may be attacked by evidence of a criminal conviction for a crime that is punishable by imprisonment for more than one year and for any crime proving a dishonest act or false statement. Fed. R. Evid. 609(a). The rule limits the use of convictions where it has been more than 10 years since the conviction or release from confinement for it, whichever is later. Fed. R. Evid. 609(b). "[A]bsent exceptional circumstances, evidence of a prior conviction admitted for impeachment purposes may not include collateral details and circumstances attendant upon the conviction." *United States v. Sine*, 493 F.3d 1021, 1036 n. 14 (9th Cir. 2007) (quoting *U.S. v. Rubio*, 727 F.2d 786, 797 n.5 (9th Cir. 1983)). "Generally, only the prior conviction, its general nature, and punishment of felony range are fair game for testing the [witness's] credibility." *United States v. Osazuwa*, 564 F.3d 1169, 1175 (9th Cir. 2009) (quoting *U.S. v. Albers*, 93 F.3d 1469, 1480 (10th Cir. 1996)) (quoted text in both decisions referred to "defendant's credibility" specifically).

However, in their supplemental brief, Defendants clarify that prior felony convictions are admissible under Rule 609. (Doc. 95 at 9.) Thus, the Court presumes Defendants will only seek to introduce prior felony convictions consistent with Rule 609, if at all. If Plaintiff chooses to testify at trial, subject to Rule 403, *only* prior felony convictions less than ten years old are admissible for impeachment purposes. Therefore, to the extent Plaintiff seeks to exclude, pursuant to Rule 609, *all* of Plaintiff's criminal history, the motion is **GRANTED in PART** and **DENIED in PART**.

**B.     No. 2: Motion to Exclude or Limit Evidence of 911 Calls Not Heard by Defendant Deputies (Doc. 71)**

Plaintiff seeks to exclude evidence of 911 calls concerning the incident that was not heard

by Deputies Brock and Bassett. (Doc. 71.)[3] Plaintiff contends that "[t]he main issues in this case concern the reasonableness of the involve[d] deputies' uses of force against Plaintiff." (Doc. 71 at 3.) Plaintiff further asserts that facts not known to Deputies Brock and Bassett, who were on the scene, are irrelevant to the reasonableness inquiry. (*Id*.) According to Plaintiff, evidence of the 911 calls falls into this category and should be excluded under Federal Rule of Evidence 403.[4]

The Deputies' conduct is evaluated from the perspective of a reasonable officer on the scene regardless of the actual motivation of the particular officer. *Graham v. Connor,* 490 U.S. 386, 397 (1989). "Subjective intentions play no role in ordinary, probable-cause Fourth Amendment analysis." *Whren v. United States*, 517 U.S. 806, 806 (1996). Instead, liability may not attach unless his actions were objectively unreasonable, regardless of the officer's motivation. *Ashcroft v. al-Kidd*, 563 U.S. 731, 736 (2011) ("the Fourth Amendment regulates conduct rather than thoughts").

When evaluating reasonableness, the fact finder "must make this determination from the perspective of a reasonable officer on the scene, including what the officer knew at the time, not with the 20/20 vision of hindsight." *Kingsley v. Hendrickson*, 756 U.S. 389, 397 (2015). Thus, in general, the fact finder "cannot consider evidence of which the officer[] [was] unaware." *See Glenn v. Washington County*, 673 F.3d 864, 872-74, 873 n. 8 (9th Cir. 2011). On the other hand, what is known to the officer at the time bears on the facts and circumstances of the event. *Ruvalcaba v. City of Los Angeles*, 64 F.3d 1323, 1328 (9th Cir. 1995). Thus, any evidence known to the Deputies may be admissible, but information not known to them may not be admitted. However, exactly what information was known to the deputies is unclear. In their opposition, Defendants contend that information about Plaintiff and the concerns of Plaintiff's estranged wife and her daughter were conveyed to 911 operators who in turn conveyed the information to the deputies "and/or others on scene[] passed the information to the Deputies." (Doc. 78 at 4.) In their

---

[3] Plaintiff does not specify whether he is seeking exclusion of the actual 911 call recordings or if he is seeking exclusion of any evidence relayed to the deputies from the calls. For sake of analysis, the Court assumes the latter.
[4] Although Plaintiff requests exclusion under Rule 403, which is a necessary consideration, both parties' arguments relate to relevance under Rules 401 and 402, which is how the Court will construe the motion. (See generally Docs. 71, 78.) Evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence" and that fact "is of consequence in determining the action." Fed. R. Evid. 401. Only relevant evidence is admissible. Fed. R. Evid. 402.

1    supplemental brief, Defendants further assert that while at the scene, they spoke with other

2    deputies, witnesses, and hostages prior to the incident. (*Id.*) According to Defendants, during the

3    the "contacts, conversations[,] and material reviews, *including from 911 calls*, [they] learned a

4    considerable amount of information regarding Plaintiff, his past, including prior criminal history

5    and bad acts, and that he was holding hostages in the residence." (*Id.*, emphasis added.)

6         Based upon the facts provided, it is unclear the information that was relayed to the

7    deputies and what information they knew. Defendants also do not clarify the information the

8    deputies received directly from the 911 calls as opposed to from conversations with other

9    deputies, witnesses, and hostages. Neither do they assert they personally listened to the 911 calls

10   prior to the incident. Thus, evidence of the 911 calls *may* be relevant, subject to Rule 403.

11   However, the Court cannot rule on this motion unless and until this matter is clarified at trial.

12   Accordingly, the Court **RESERVES** ruling upon the admissibility of the 911 call evidence.[5]

13   **III.**     **Defendants' Motions in Limine**

14   **A.**      **No. 1: Motion to Exclude Evidence of Past Bad Acts of Any Individual Defendant**

15           **and/or Any Other Lawsuits Against the County of Kern, or Any Law Enforcement**

16           **Witness (Doc. 60)**

17         Defendants anticipate that Plaintiff, Plaintiff's witnesses, and/or their experts may testify

18   regarding prior actions of Deputies Brock and/or Bassett, and/or prior lawsuits against any

19   Defendants. (Doc. 60 at 1.) Defendants also anticipate that the Deputies may be questioned at trial

20   about their use of force on occasions prior to the incident in question. (*Id.* at 2.) As such,

21   Defendants seek to exclude the introduction of any character evidence of the Deputies, including

22   their prior actions in their capacities as Sheriff's deputies. (*Id.*) Defendants claim the only purpose

23   of soliciting such testimony would be to attempt to convince the jury that the Deputies had a

24   character trait for the use of force and acted in conformity with that character trait in relation to

25   Plaintiff, which is prohibited under Federal Rules of Evidence 404(a) and 404(b)(1). (*Id.*) Plaintiff

26   does not oppose this request. The motion is **GRANTED.**

27

28   [5] To the extent Defendants make an informal request for a hearing (*see* Doc. 95 at 12), the Court declines to address this request. Any further evidentiary issues may be raised at trial.

**B.**     **No. 2: Motion to Exclude Evidence that Is Protected by the California Penal Code**
**§§ 832.7 and 832.8 and California Evidence Code §§ 1040 and 1043 and the Officer's**
**Right to Privacy (Doc. 61)**

Defendants request the exclusion of any questioning and testimony regarding the
personnel matters, prior complaints concerning job performance, or prior disciplinary issues
pursuant to the "official information" privilege and California Penal Code § 832.7. (Doc. 61 at 1-
3.) Further, Defendants request the exclusion of such questioning and testimony regarding any
County Sheriff Deputy who testifies in this matter. (*Id*. at 2.) Plaintiff does not oppose this
request. The motion is **GRANTED.**

**C.**     **No. 3: Motion to Preclude Testimony Regarding Opinions About What Plaintiff Felt**
**During the Incident (Doc. 62)**

Defendants ask the Court to exclude any testimony from percipient witnesses that
describes what Plaintiff was feeling during the incident, such as his emotional distress, pain, and
suffering. (Doc. 62 at 1-2.) Defendants argue this testimony would invite improper lay opinion
because it calls for speculation. (*Id*. at 2.) Defendants also contend this testimony is unhelpful to
the jury because the jury can readily draw the necessary inferences and conclusions about how
Plaintiff felt, without the opinion of lay witnesses. (*Id*. at 1-2.); *see* Fed. R. Evid. 701.

Plaintiff's opposition indicates he does not intend to offer percipient witness testimony
about his feelings, other than himself. Rather, Plaintiff states that "Plaintiff Ochoa intends to
provide testimony regarding *his own* experiences, observations, actions, and symptoms . . ." (Doc.
84 at 4 (emphasis added).) It is not clear that Defendants request also applies to Plaintiff, himself.
Even if it did, it is well settled law that a plaintiff may testify on his own behalf regarding his own
feelings, reactions, observations, and symptoms. (*Id*. at 3-4 citing *Tobeler v. Colbin*, 749 F. 830,
833 (9th Cir. 2014)); *see also Stevenson v. Holland*, 504 F. Supp. 3d 1107, 1121 (E.D. Cal. 2020)
("But lay witnesses can testify as to perceived symptoms (i.e., what is felt, exhibited, or
experienced over time) and how a condition affects one's ability to function."). Thus, to the extent
Defendants seek to exclude Plaintiff from testifying regarding his feelings and experience during
the incident, the motion is **DENIED**. To the extent Defendants seek to exclude other witnesses'

from testifying about Plaintiff's feelings, the Court **GRANTS** the motion.

Defendants also argue percipient witnesses should be precluded from offering opinions about whether Plaintiff's "actions and words indicate he was in pain or was resisting law enforcement" because they embrace ultimate issues of fact. (Doc. 63 at 3.) In response, Plaintiff contends Defendants' argument is "unclear" and argues the issue of whether Plaintiff was "resisting law enforcement" remains a disputed fact. (Doc. 84 at 4.)

A lay witness may provide opinions rationally based on their perception when helpful to the determination of a fact at issue. Fed. R. Evid. 701. A lay witness may also testify "as to an ultimate issue of fact [if their] testimony is otherwise admissible." *United States v. Thomas*, 2021 WL 4061109, at *1 (9th Cir. Sept. 7, 2021) (quoting *United States v. Crawford*, 239 F.3d 1086, 1090 (9th Cir. 2001) (alternation in original). "The lay witness may not, however, testify as to a legal conclusion." *Crawford*, 239 F.3d at 1090. Thus, lay witnesses may testify as to their percipient knowledge and their lay opinions rationally related to them, but they may not speculate or offer any legal conclusion. To the extent Defendants' motion seeks to prohibit Plaintiff from offering these opinions, the portion of the motion is **DENIED**.

**D.    No. 4: Motion to Exclude Evidence and Argument That a Lesser Amount of Force Would Have Controlled Plaintiff (Doc. 63)**

Defendants seek to exclude evidence and argument that Deputies Brock and Bassett could have taken less forceful actions to control Plaintiff. (Doc. 63 at 1.) Defendants argue this evidence is speculative and irrelevant because the relevant question is "whether the actions Brock and Bassett took were lawful, not whether they could have acted in some manner the Plaintiff deems more reasonable." (*Id.*) Plaintiff opposes and asserts that he intends to present evidence of "less violent and less injurious force options" that were available to Deputies Brock and Bassett, through expert testimony and tactical guidelines. (Doc. 85 at 3-4.)

In cases involving allegations of excessive force under the Fourth Amendment, an objective reasonableness test applies and considers a totality of the circumstances. *Graham v. Connor*, 490 U.S. 386, 395-96 (1989). Under the totality of the circumstances, the availability of less forceful or intrusive means to detain or arrest the plaintiff *is* relevant to the analysis.

9

1   *Williamson v. City of Nat'l City*, 23 F.4th 1146, 1153 (9th Cir. 2022). Factors for evaluating

2   excessive force expressly include "the availability of less intrusive alternatives to the force

3   employed and whether proper warnings were given." *Id.* Though officers need not "avail

4   themselves of the least intrusive means of responding to an exigent situation," *Scott v. Henrich*,

5   39 F.3d 912, 915 (9th Cir. 1994), the availability of *less* intrusive methods or feasible alternatives

6   factors into the determination of excessive force. *Vos v. City of Newport Beach*, 892 F.3d 1024,

7   1033 (9th Cir. 2018); *see also Smith v. City of Hemet*, 394 F.3d 689, 701 (9th Cir. 2005).

8           Expert testimony regarding less intrusive alternatives and standards for well-trained

9   officers are regularly relied upon to demonstrate the range of reasonable methods used by

10  officers. *See, e.g.*, *Chien Van Bui v. City & Cnty. of San Francisco*, 699 F. App'x 614, 615 (9th

11  Cir. 2017) (holding the "expert testimony regarding specific less-intrusive methods of subduing

12  [plaintiff]" could support the conclusion that the officers applied unreasonable force); *Colbert v.*

13  *County Of Kern*, 2015 WL 8214204, at *2 (E.D. Cal. Dec. 8, 2015) (allowing plaintiff's expert to

14  testify as to the "forceful alternatives" available to the officers and "reasonably well-trained

15  officers are taught regarding when they may use force"). This evidence may be considered when

16  evaluating whether the force used was reasonable. As the defense points out, the question is not

17  whether there were other reasonable means available, but whether the actions the officer *did* take

18  were reasonable.

19          Defendants further argue any evidence regarding lesser force is speculative. (Doc. 63 at

20  2.) Clearly, speculation is not permitted. However, what *is* permitted is how reasonably well-

21  trained officers are to respond to the circumstances the officers confronted. Defendants, however,

22  have provided no explanation or legal authority to support the contention that testimony about

23  less intrusive or forceful means is categorically speculative. Indeed, as noted above, Courts

24  regularly admit this type of evidence to analyze excessive force. *See, e.g.*, *Williamson*, 23 F.4th at

25  1153. Experts often answer hypothetical questions related to forceful responses that well-trained

26  officers are taught to use in a given set of circumstances. *See Colbert*, 2015 WL 8214204, at *2.

27  Accordingly, the Court **DENIES** Defendants' motion to exclude evidence of lesser force.

28  ///

**E.      No. 5: Motion to Exclude Evidence of Other Bad Acts, Use of Force Incidents, and Personnel Actions Relating to Deputies Brock and Bassett (Doc. 64)**

Defendants anticipate that Plaintiff will attempt to use improper character evidence in the form of prior bad acts, other use of force incidents, and personal actions involving Deputies Brock and/or Bassett. (Doc. 64 at 1-2.) As such, Defendants request the exclusion of this evidence or any other evidence of prior bad acts pursuant to Federal Rule of Evidence 404. (*Id*. at 2.) Because Plaintiff has not opposed this request, the motion is **GRANTED**.

**F.      No. 6: Motion to Exclude Graphic and Inflammatory Photos of Plaintiff (Doc. 65)**

Defendants anticipate that Plaintiff will attempt to introduce photographs of Plaintiff that are graphic and inflammatory in nature which the jury may find gruesome and emotionally disturbing. (Doc. 65 at 1.) Defendants contend the photos will not inform the jury about how the incident occurred or the reasonableness of force used by Deputies Brock and/or Bassett, and their only purpose is to inflame the jury, causing unfair prejudice to the Defendants. (*Id.* at 1-2.) Plaintiff argues at least some photographs of his injuries, in the immediate aftermath of the incident, are relevant to the issue of damages. (Doc. 86 at 3-4.) Plaintiff requests that the Court defer ruling on the motion because the parties may be able to reach an agreement as to which photos will be admitted. (*Id.*) According to Plaintiff, if the parties are unable to reach an agreement without judicial intervention, they will submit individual photos for ruling by the Court. (*Id.*) Accordingly, the ruling on the Defendants' motion in limine is **RESERVED**. In the meanwhile, counsel **SHALL** meet and confer on this topic.

**G.      No. 7: Motion to Preclude Improper Comments That Argue, Suggest or Imply to the Jury That They Should Send a Message with Their Verdict, or That They Are the Protectors of the Community (Doc. 66)**

Defendants anticipate Plaintiff's counsel will, both in voir dire and throughout the course of trial, attempt to argue to the prospective jurors and jury that they have the power to improve the safety of the community by rendering a verdict that will reduce or eliminate dangerous conduct, such as that alleged against Defendants, which they colloquially term the "Reptile Theory." (Doc. 66 at 2.) Defendants contend the Reptile Theory seeks to appeal to the jurors'

self-interest about the best interests of the community rather than the jurors' impartial judgments predicated on the evidence. (*Id*.) Defendants request the preclusion of these "improper comments". (*See id*. at 1.) Plaintiff has not opposed this request. The motion is **GRANTED**.

**H.      No. 8: Motion to Exclude Non-Party Witnesses from the Courtroom (Doc. 67)**

Defendants request the exclusion of all non-party witnesses from being present in the courtroom during all trial-related proceedings pursuant to Federal Rule of Evidence 615. (Doc. 67 at 2.) Plaintiff has not opposed this request. The motion is **GRANTED**.

**I.      No. 9: Motion to Preclude Expert Witnesses from Testifying About (1) Credibility of Witnesses, (2) Ultimate Facts or Legal Conclusions, or (3) Any Work Done After Their Depositions/Opinions Not Disclosed During Depositions (Doc. 68)**

Defendants request that expert witnesses be precluded from testifying as to the credibility of other witnesses pursuant to Federal Rules of Evidence 401, 403, and 702. (Doc. 68 at 2.) Defendants also seek to preclude Plaintiff from proffering opinions about ultimate facts of the case or legal conclusions pursuant to Federal Rule of Evidence 702. (*Id*. at 3.) Finally, Defendants request an order preventing any new opinions or basis of opinions by Plaintiff's experts, which were not provided in their deposition. (*Id*.)

Plaintiff does not oppose the request to exclude expert testimony regarding the credibility of other witnesses or regarding new opinions or basis of opinions not provided in their deposition. (*See generally* Doc. 93.) However, Plaintiff opposes Defendants' request to exclude expert opinions on ultimate issues of fact because he argues police experts may testify about the ultimate issues of the reasonableness of excessive force, so long as they do not give legal opinions or legal conclusions. (*Id.* at 3.)

Under Federal Rule of Evidence 704(a), a witness may proffer an opinion that "embraces an ultimate issue" of fact. The 1972 Advisory Committee for the Federal Rules of Evidence recognized that this rule expressly abolishes the common law "ultimate issue" rule. *See United States v. Diaz*, 876 F.3d 1194, 1196 (9th Cir. 2017). However, an expert witness may not opine on ultimate issues of *law* or "tell the jury what result to reach." *Id.* In the context of excessive force cases, a police expert may discuss "policies and professional standards of practice."

1    *Valiavicharska v. Celaya*, 2012 U.S. Dist. LEXIS 8191, *9 (N.D. Cal. Jan. 24, 2012). The expert

2    may not, however, opine on whether the "defendants' use of force was reasonable under the

3    circumstances" because this "is just such an opinion on an ultimate issue of law that risks

4    usurping the jury's province." *Sanfilippo v. Foster*, 2012 U.S. Dist. LEXIS 119898, *6-7 (E.D.

5    Cal. Aug. 23, 2012) (internal quotation marks and citations omitted); *see also Jimenez v.*

6    *Sambrano*, 2009 WL 2382622, at *2 (S.D. Cal. July 31, 2009). In order "to avoid invading the

7    province of the jury," expert opinion that applies particular facts to an instance of excessive force

8    is best done through hypothetical questions. *Valiavicharska*, 2012 U.S. Dist. LEXIS 8191, at *9

9    (quoting *Engman v. City of Ontario*, 2011 WL 2463178 at *7 (C.D. Cal. June 20, 2011).

10            In accordance with Ninth Circuit standards, Plaintiff's expert may testify regarding

11    general police policies and professional standards of practice. The expert may not opine on

12    whether the specific circumstances of *this* case amount to excessive or reasonable force. If

13    Plaintiff wishes for the expert to proffer an opinion related to particular circumstances involving

14    excessive force, he must do so in the form of hypothetical questions. Thus, the Court **DENIES**

15    this motion.

16    **J.**      **No. 10: Motion to Preclude Evidence or Testimony of the Potential Existence of**

17            **Insurance for, or the Wealth of, the County of Kern (Doc. 69)**

18            Defendants anticipate that Plaintiff may attempt to present or elicit evidence concerning

19    the existence or potential existence of insurance coverage for, or the wealth of, Defendant County

20    of Kern, or otherwise refer to, comment upon, or present argument about said facts and

21    circumstances. (Doc. 69 at 1-2.) Defendants also anticipate that Plaintiff may elicit testimony or

22    make argument about the insurance coverage and insurance protection provided to the County of

23    Kern. (*Id.* at 2.) Defendants assert introduction of this information, or any comment thereon, may

24    be highly prejudicial to Defendants' case and should be precluded as irrelevant under Federal

25    Rule of Evidence 402. (*Id.*) Thus, Defendants request the preclusion of such testimony. (*Id.* at 3.)

26    Plaintiff has not opposed this request. The motion is **GRANTED**.

27    ///

28    ///

**IV.     Order**

Based upon the foregoing, the Court **ORDERS**:

1.     Plaintiff's motion in limine number 1 (Doc. 70) is **RESERVED**.

2.     Plaintiff's motion in limine number 2 (Doc. 71) is **RESERVED**.

3.     Defendants' motion in limine number 1 (Doc. 60) is **GRANTED**.

4.     Defendants' motion in limine number 2 (Doc. 61) is **GRANTED**.

5.     Defendants' motion in limine number 3 (Doc. 62) is **DENIED in part** and **GRANTED in part**, as set forth above.

6.     Defendants' motion in limine number 4 (Doc. 63) is **DENIED**.

7.     Defendants' motion in limine number 5 (Doc. 64) is **GRANTED**.

8.     Defendants' motion in limine number 6 (Doc. 65) is **RESERVED**.

9.     Defendants' motion in limine number 7 (Doc. 66) is **GRANTED**.

10.    Defendants' motion in limine number 8 (Doc. 67) is **GRANTED**.

11.    Defendants' motion in limine number 9 (Doc. 68) is **DENIED**.

12.    Defendants' motion in limine number 10 (Doc. 69) is **GRANTED**.

IT IS SO ORDERED.

Dated:   __**September 14, 2022**__

UNITED STATES DISTRICT JUDGE