**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ALEJANDRO OCHOA, an individual,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF KERN, a municipal entity; DEPUTY BROCK (Badge No. 201765), an individual; DEPUTY ANDREW BASSETT (Badge No. 202312), an individual; and DOES 1 through 10, inclusive,<br><br>Defendants. | No. 1:18-cv-01599-JLT-CDB<br><br>ORDER ON MOTION IN LIMINE<br><br>(Doc. 97) |

This case concerns Alejandro Ochoa's claims under 42 U.S.C. § 1983, battery under California law, and negligence under California law arising out of an incident between Plaintiff and Deputies Brock and Bassett while acting under color of state law and in the course and scope of employment with Defendant County of Kern. (Doc. 1.) In what Defendants contend was an attempt to execute an arrest warrant, Plaintiff alleges Deputies Brock and Bassett negligently assessed the circumstances presented to them and subjected Plaintiff to unreasonable and excessive force, causing him severe injuries. (*Id*.)

Before the Court is Plaintiff's third motion in limine. (Doc. 97.) The Court also finds this matter suitable for decision without oral argument pursuant to Local Rule 230(g) and General

Order 618.

## I. Legal Standards Governing Motions in Limine

"Although the Federal Rules of Evidence do not explicitly authorize in limine rulings, the practice has developed pursuant to the district court's inherent authority to manage the course of trials." *Luce v. United States*, 469 U.S. 38, 40 n. 2 (1984). The Ninth Circuit explained motions in limine allow parties to resolve evidentiary disputes ahead of trial "before attempted use of the evidence before the jury." *United States v. Heller*, 551 F.3d 1108, 1111-12 (9th Cir. 2009).

Importantly, motions in limine seeking the exclusion of broad categories of evidence are disfavored. *See Sperberg v. Goodyear Tire and Rubber Co.*, 519 F.2d 708, 712 (6th Cir. 1975). The Court "is almost always better situated during the actual trial to assess the value and utility of evidence." *Wilkins v. Kmart Corp.*, 487 F. Supp. 2d 1216, 1218 (D. Kan. 2007). The Sixth Circuit explained, "[A] better practice is to deal with questions of admissibility of evidence as they arise [in trial]" as opposed to ruling on a motion in limine. *Sperberg,* 519 F.2d at 712. Nevertheless, motions in limine are "an important tool available to the trial judge to ensure the expeditious and evenhanded management of the trial proceedings." *Jonasson v. Lutheran Child & Family Services*, 115 F.3d 436, 440 (7th Cir. 1997).

"[A] motion in limine should not be used to resolve factual disputes or weigh evidence," *C & E Services, Inc. v. Ashland Inc.*, 539 F. Supp. 2d 316, 323 (D. D.C. 2008), because that is the province of the jury. *See Reeves v. Sanderson Plumbing Products*, 530 U.S. 133, 150 (2000). The Court will bar use of the evidence in question only if the moving party establishes that the evidence clearly is not admissible for any valid purpose. *Jonasson*, 115 F. 3d at 440.

For example, under the Federal Rules of Evidence, any evidence that is not relevant is not admissible. Fed. R. Evid. 402. To determine that evidence is relevant, the Court must find "(a) it has a tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. Nevertheless, relevant evidence may be excluded "if its probative value is substantially outweighed by the danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid.

403.

The rulings on the motions in limine made below do not preclude either party from raising the admissibility of the evidence discussed herein, if the evidence adduced at trial demonstrates a change of circumstances that would make the evidence admissible, such as for impeachment or if the opponent opens the door to allow for its admissibility. In this event, the proponent of the evidence **SHALL** raise the issue with the Court outside the presence of the jury. Finally, the rulings made here are binding on all parties and their witnesses and not merely on the moving party.

## II.     Plaintiff's Motion in Limine No. 3 to Exclude or Limit Evidence of Plaintiff's Recent Arrests/Criminal Dispositions (Doc. 97)

Plaintiff seeks to exclude or limit evidence of his "criminal convictions, charges, and arrests, unrelated law enforcement contacts, and other 'bad acts'" pursuant to Federal Rules of Evidence 402, 403, 404, and 609. (Doc. 97 at 2, 3.) Plaintiff argues his criminal history and other "bad acts" are irrelevant and unfairly prejudicial. (*Id*. at 4-6.) The evidence Plaintiff seeks to exclude includes, "but may not be limited to":

- Possession of Controlled Substance (Misdemeanor – filed 8/11/2022); and
- Infliction of Firearm by a Felon (Felony – filed 09/20/2022).

(*Id*. at 3.)

In its prior order, the Court reserved ruling on evidence of Plaintiff's criminal history and prior "bad acts" occurring prior to the date of the incident. (Doc. 96 at 4.) More precisely, the Court explained that "[t]o the extent that the defense establishes specific foundation in advance of offering evidence about these prior acts, which demonstrates that this information impacted their relevant conduct, the evidence, in general, *may* be admitted." (*Id*., footnote omitted.) Moreover, The Court also held that if Plaintiff chooses to testify at trial, pursuant to Rule 609 and subject to Rule 403, felony convictions less than ten years old may be admissible for impeachment purposes only. (*Id*. at 5.)

However, Defendants do not oppose Plaintiff's motion, instead conceding that "any evidence of Plaintiff's criminal history which occurred subsequent to January 27, 2018 is not

3

relevant, and should be excluded." (Doc. 99 at 2.) Accordingly, Plaintiff's motion (Doc. 97) is **GRANTED in PART and RESERVED in PART**.

IT IS SO ORDERED.

Dated: __October 14, 2022__                           _/s/ Jennifer L. Thurston_
                                                                                   UNITED STATES DISTRICT JUDGE